IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES AND FIDUCIARIES OF THE IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) BENEFIT AND PENSION PLANS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> McGINNY IRONWORKS, INC.; WILLIAM KELLY; PAUL PETRASSO, <br><br> Defendants. | Civil Action <br><br> No.  11-1463 |

October__, 2011

**<u>MEMORANDUM</u>**

Plaintiffs, Trustees and Fiduciaries of the Iron Workers District Council (Philadelphia and Vicinity) Benefit and Pension Plans (collectively "District Council Funds" or "Plaintiffs"), move the court for a default judgment against defendants McGinny Ironworks, Inc. ("McGinny"), William Kelly ("Kelly"), and Paul Petrasso ("Petrasso") (collectively "Defendants").  For the reasons that follow, I will grant Plaintiffs' motion and enter a default judgment against Defendants in the amount totaling $88,201.98, inclusive of attorney's fees, costs, and interest.

**I.      Background**

As alleged in the complaint, Plaintiffs District Council Funds are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).  (Compl. ¶ 4.) Plaintiffs Trustees of the Iron Workers District Council (Philadelphia and Vicinity) Benefit and Pension Plan (the "District Council Trustees") are trustees and fiduciaries for the District Council Funds within the meaning of 29 U.S.C. § 1002(21), and are thus authorized to bring this action on behalf of the District Council Funds.

Defendant-employer McGinny entered into a collective bargaining agreement whereby McGinny was required "to make certain contributions and/or payments to the District Council Funds based on the number of hours worked by each such employee." (Compl. ¶ 9; Docket No. 1 Exh. A (Collective Bargaining Agreement).)  It is alleged that Defendant McGinny failed to make such contributions during the period of January 1, 2006 through December 31, 2009.  (Compl. ¶¶ 11, 18.)  On May 20, 2010, the District Council Funds entered into a repayment agreement with Defendant McGinny detailing a payment plan of delinquent principal contributions, assessment and interest ("Repayment Agreement"). (Compl. ¶ 13; Docket No. 1 Exh. B).

On February 22, 2011 the District Council Funds filed the instant complaint against McGinny, alleging a failure to pay delinquent employee benefit fund contributions due under a collective bargaining agreement in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.  (Docket No. 1.)  A summons

was issued to Defendants on March 2, 2011.  Defendants did not respond in the 21 days allotted by Federal Rule of Civil Procedure 12(a)(1)(A)(i).

On May 13, 2011, District Council Funds filed a request to enter default against Defendants (Docket No. 8), and the clerk entered default on May 16, 2011.  On May 13, 2011, District Council Funds filed a motion for entry of default judgment in favor of plaintiffs pursuant to Federal Rule of Civil Procedure 55.  (Docket No. 10).

## II.   Discussion

This court has jurisdiction over this case pursuant to 29 U.S.C. § 1132(e)(1).  Venue is appropriate pursuant to 29 U.S.C. § 1132(e)(2) because the Plaintiffs have offices in the Eastern District of Pennsylvania.

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter, upon application to the court by a party, a default judgment in cases where the defendant is not "an infant or incompetent person."  When entertaining a motion for default judgment, a district court should examine "three factors [that] control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In this case, entry of default judgment is warranted.  Plaintiffs will have an unpaid employee benefits fund, undoubtedly prejudicing the fund's ability to pay its liabilities, and it has been waiting well over a year to be made whole.  Defendants have also not submitted any responsive pleadings, and this court can conclude only that it has no

litigable defense.  *Cf. Spencer v. Frank*, No. 88-1413, 1990 WL 99110 (E.D. Pa. July 12, 1990) (assuming, where plaintiff failed to respond to defense's jurisdictional challenge, that plaintiff has no cognizable response).  Finally, Defendants' delay, while not appearing to be due to culpable conduct, is without explanation and Defendants to this day have not responded to the summons and complaint.

McGinny was obligated by the terms of the collective bargaining agreement to make certain payments based on the number of hours worked by each employee, which it failed to do during the period of January 1, 2006 through December 1, 2009.  Although Defendants paid the initial $20,000.00 as stipulated in the Repayment Agreement, followed by monthly payments of $4,000.00 in June, July, and August of 2010, they failed to pay any remaining monthly payments due and owed to the District Council Funds beginning September 30, 2010.   Failure to make such payments is a breach of the terms of the Repayment Agreement and the collective bargaining agreement, and thus a violation of 29 U.S.C. § 1145.  It also made the Repayment Agreement "null and void." (Docket No. 1 Exh. B).  Accordingly, Plaintiffs ask this court to enter default judgment in its favor and award it compensation in accordance with 29 U.S.C. § 1132(g)(2).

The amount requested by Plaintiffs is $86,620.86 for principal contributions ($72,369.75), interest on the principal amount (1.5% per month through January 14, 2011 comes to $39,014.14), and liquidated damages (an additional $7,236.97) pursuant to the collective bargaining agreement, and an additional $1,581.12 for attorney's fees and costs pursuant to the collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(D).

Plaintiffs have submitted a true and correct copy of the handwritten audit report performed by the Fund Administrators in support of the $86,620.86 award, (Docket No. 1 Exh. D (Audit Report)) and an affidavit from counsel in support of the fee award. (Docket No. 10)  Both the compensatory award and the fee award appear to be consistent with the terms of the collective bargaining agreement and the statute.  As Defendants have raised no objection to these figures, I will enter judgment in the amounts of $86,620.86 and $1,581.12 against Defendants in favor of District Council Funds.

### III. Conclusion

For these reasons, I will grant Plaintiffs' motion for entry of default judgment.  An appropriate order follows.